**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Hayden Richardson, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 1:21-cv-00522 |
| | § | |
| v. | § | Honorable Edmond E. Chang |
| | § | |
| Northwestern University, Amanda DaSilva, | § | |
| Heather Van Hoegarden Obering, Michael | § | |
| Polisky, and Pamela Bonnevier, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS NORTHWESTERN UNIVERSITY, DASILVA, OBERING, AND
POLISKY'S OBJECTION TO PLAINTIFF'S REQUEST**

Defendants Northwestern University ("Northwestern"), Amanda DaSilva ("DaSilva"), Heather Van Hoegarden Obering ("Obering"), and Michael Polisky ("Polisky")[1] file this reply to Plaintiff's "request" for notice ("Request") of an August 30, 2021 letter from TiShaunda R. McPherson, Northwestern Senior Associate Vice President, Office of Equity, (the "Letter").[2]

The Letter, R. 51, discusses the 2019 and 2020 actions taken by Northwestern's Office of Equity and Department of Athletics and Recreation to address reports of race and sex-based discrimination and harassment, and retaliation related to Northwestern's Spirit Squad. The Letter also summarizes the 2021 independent investigation into concerns of race and sex discrimination and harassment related to Northwestern's Spirit Squad.[3] In addition, the Letter sets forth the

---

[1] Throughout this Response, Defendants Northwestern, DaSilva, Obering and Polisky are referred to collectively as "Defendants." The term "Individual Defendants" refers to defendants DaSilva, Obering and Polisky, but not Northwestern. Neither definition includes Defendant Bonnevier.

[2] Per the Court's Order, R. 52, Defendants conferred with Plaintiff in advance of filing this objection.

[3] The investigator was specifically "asked to learn whether Spirit Squad members had concerns of discrimination or harassment that they had not previously raised and/or concerns of discrimination or harassment that were previously raised but, in their view, not adequately addressed by the University." (*Id*., at 4) The investigator interviewed eleven members who agreed to participate, and the conclusions in the Letter are based largely on those interviews. (*Id*.) Plaintiff "did not agree to participate in an interview." (*Id*., at 9.)

investigator's recommendations, and Northwestern's plans to implement all of these recommendations.[4]

While Plaintiff requested the Court take judicial notice of the substance of the Letter, this Court denied that request as improper under Fed. R. Evid. 201(b) (R. 52), but allowed the Defendants to file a reply objecting to Plaintiff's position that the Letter rebuts arguments set forth in Defendants' Motion to Dismiss. Defendants agree that Plaintiff's request is procedurally improper and assert that the substance of the Letter supports, rather than contradicts, the arguments made by Defendants in their briefs supporting their Motion to Dismiss.[5] (R. 42, 49.) Specifically, contrary to Plaintiff's contention, the Letter establishes that actions were taken to remedy the concerns reported by Plaintiff, in flat contradiction to her allegation that her concerns were "block[ed] or cover[ed] up." (R. 51 at 2.) The Letter contains no evidence of a financial benefit, and is otherwise irrelevant to Defendants' remaining arguments. As such, it is Defendants' position that this Court should rule on the Motion to Dismiss as briefed.

A. **The Outcome Letter Supports Defendants' Argument That Plaintiff's Allegations Concerning Defendants' "Blocking and Covering Up" the Investigation Are Conclusory and Unsupported**

In an attempt to establish Defendants participated in a purported trafficking venture, Plaintiff argues, without support, that Individual Defendants deliberately "blocked" and "covered-up" her claims of sexual assault, harassment and discrimination. (R. 51, at 2; R 48, at 35-36.) However, as pointed out in Defendants' Reply Memorandum in support of their Motion to Dismiss ("Reply Memorandum"), Plaintiff's Complaint allegations contradict her "blocked" and "cover-up" assertion. (R. 49, at 17-18.) Specifically, Plaintiff alleges that Obering contacted Plaintiff

---

[4] Consistent with the investigator's recommendations regarding transparency, Northwestern published the Letter on its Office of Equity webpage.
[5] Based on Plaintiff's arguments, citations to the Complaint and references to Defendants' arguments in support of their motion to dismiss, Plaintiff's Request concerns her claims under the Trafficking Victims Protection Reauthorization Act (Counts III, IV and V). Northwestern has not sought dismissal of Plaintiff's Title IX claims (Counts I and II).

within 24 hours of her complaint to Dr. Jain (Compl. ¶ 83); that Obering and Polisky met together with Plaintiff and a teammate so that Plaintiff could raise her concerns (*id*. ¶¶ 86, 88); and that DaSilva – an employee of the Office of Equity – contacted Plaintiff shortly thereafter indicating she would work to address Plaintiff's concerns. (*Id*. ¶¶ 90–91.) Plaintiff further alleges the Office of Equity subsequently conducted training with Bonnevier, ended the Cheer Team's involvement in tailgating, and effectively terminated Bonnevier's employment following an investigation (three months before the filing of the present suit). (*Id*. ¶¶ 95, 97-98, 100, 110.) The Letter confirms the Defendants took those actions (among others) and rebuts Plaintiff's conclusory allegations of a "cover-up". Indeed, the Letter clearly sets forth that the Office of Equity learned about the allegations in early 2019, and shortly thereafter took a series of steps to address concerns raised, including specifically stopping tailgating by the Spirit Squad. (R. 51 at 5.) Those steps contradict Plaintiff's unsupported contention that the Individual Defendants "covered up" the allegations.

Plaintiff's isolated excerpts from the Letter cannot change the fact that – as Plaintiff's own allegations and the Letter itself notes – action was taken in 2019 and 2020 in response to the concerns raised. (R. 51 at 2.) In her request, Plaintiff cites to the "Recommendations" section of the Outcome Letter, but that section refers to the timing of when the Office of Equity physically received a set of anonymous letters written by members of the Spirit Squad, *not* whether and when the Office of Equity learned about, and began acting upon, the concerns.[6] As both the Letter and Plaintiff's own Complaint allegations make clear, the Office of Equity learned about Plaintiff's concerns within days of Plaintiff's meeting with Obering and Polisky, and reached out to Plaintiff. (Compl. at ¶¶ 88-91; R. 51 at 2.) The Letter read in its entirety therefore bolsters Defendants' arguments that there was no "cover up" – and thus no participation in a trafficking venture – in

---

[6] The Letter also indicates that in 2017, a former Northwestern employee, who was not interviewed by the investigator, "**may have**" received a report of possible discrimination or harassment of an unknown variety that was not reported to the Office of Equity. (R. 51, at 17. (emphasis added).) But the Letter does not say that the "possible" misconduct was sex-based and Plaintiff was not a student at the time.

3

light of the acknowledgment by Plaintiff and in the Letter that they took steps designed to address concerns of discrimination and harassment. Defendants' arguments in their Motion to Dismiss are thus unchanged.

**B.      The Letter Supports Defendants' Argument That Plaintiff's Claim Should Be Dismissed for Failing to Allege a Financial Benefit**

As set forth in Defendants' Motion to Dismiss and Reply Memoranda, Plaintiff's TVPRA claims fail because she does not plausibly allege the Defendants knowingly benefited, financially or by receiving anything of value, from participation in a venture that they knew or should have known engaged in sex or labor trafficking, as required by 18 U.S.C. § 1595(a). (R. 49, at 23-25.) As Defendants detail in their memoranda in support of their Motion to Dismiss, Plaintiff fails to allege a financial benefit for, among other reasons, her inability to connect a donation to any purported commercial sex act. (R. 42, at 26-28.) Rather than rebut this showing, the Letter actually supports Defendants' argument. The Letter notes that the investigator was "unable to further investigate" sexual harassment allegations involving suspected donors and alumni because "the students did not identify any specific donor or alumni that engaged in this sexual harassment" and the University staff who attended these events and were interviewed stated they did not observe it. (R. 51 at 8-9.)[7] The Letter made no mention of any benefit whatsoever received by any Defendant as a result of sexual harassment.

---

[7] Contrary to Plaintiff's mischaracterization, the Letter repeatedly states that Northwestern intends to implement "all" of the investigator's recommendations, including those pertaining to the Wilson Club, by September 3, 2021. (See R. 51, at 4, 13, 14 & 18.) This necessarily includes the following excerpt from Recommendation 3 referenced by Plaintiff: "The University should explicitly remind the Wilson Club patrons of the University's policy prohibiting sexual harassment and the possible consequences of non-compliance (e.g. banning the individual from the Wilson Club)." (R. 51, at 14, Recommendation 3.) Northwestern has implemented this recommendation even though, as the Letter notes, the Spirit Squad will not appear at the Wilson Club this year due to COVID. As further noted in the Letter, Northwestern has also added the prohibition against harassment and discrimination, and the consequences of non-compliance, to its Fan Code of Conduct that is announced before games and posted in several places on the Northwestern Sports website. (Id. at 13, Recommendation 1.) Consequently, the Letter falls short in supporting, let alone, establishing that Defendants knowingly derived a financial benefit from any alleged trafficking.

4

### C. The Letter Also Does Not Affect Defendants' Other Arguments

The Letter also does not affect any of the additional arguments that are the subject of Defendants' Motion to Dismiss or cure the deficiencies in the Complaint. The Letter does not contain any allegations that Defendants knew or should have known of the purported sexual harassment at the time they occurred, or that Plaintiff suffered threats of serious harm that caused her to engage in commercial sex acts. The Letter's summary of the 2021 investigation contains no independent findings of fact with respect to sexual harassment, much less with respect to any purported "cover-up," sex trafficking, or labor trafficking allegations at issue in this case. Finally, the Letter indicates that the 2021 investigation also involved allegations that were not previously raised by Spirit Squad members who participated in the investigation. Defendants therefore could not have responded to them – much less covered them up.

The arguments asserted by Defendants are thus unchanged by the Letter. In fact, the Letter makes clear not only that Defendants' Motion to Dismiss should be granted, but also that it be granted with leave to amend denied because any amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted … if it is clear that any amendment would be futile."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (recognizing that "a district court does not abuse its discretion by denying a motion for leave to amend where the plaintiff fails to establish that the proposed amendment would cure the deficiencies identified in the earlier complaint.").

Dated: September 14, 2021                                Respectfully submitted,

/s/ *Anneliese Wermuth*                                  /s/ *LaKeisha C. Marsh*
Anneliese Wermuth                                        Amy Graham Doehring
Alan M. Pittler                                          Jamel A. Greer
COZEN O'CONNOR                                           LaKeisha C. Marsh
123 North Wacker Drive, Suite 1800                       AKERMAN LLP
Chicago, IL 60606                                        71 S. Wacker Drive
312-474-7900                                             Chicago, IL 60606
awermuth@cozen.com                                       312-634-5700
apittler@cozen.com                                       amy.doehring@akerman.com
*Attorneys for Defendant*                                jamel.greer@akerman.com
*Northwestern University*                                lakeisha.marsh@akerman.com
                                                         *Attorneys for Defendant*
                                                         *Amanda DaSilva*


*/s/ Kerryann M. Haase*                                  */s/ Bethany K. Biesenthal*
Kerryann M. Haase                                        Bethany K. Biesenthal
Brian P. Paul                                            Jordan M. Matthews
Michael K. Chropowicz                                    Emma J. Lanzon
MICHAEL BEST & FRIEDRICH LLP                             JONES DAY
444 West Lake Street, Suite 3200                         77 West Wacker Drive, Suite 3500
Chicago, IL 60606                                        Chicago, IL 60601
312-222-0800                                             312-782-3939
kmhaase@michaelbest.com                                  bbiesenthal@jonesday.com
bppaul@michaelbest.com                                   jmatthews@jonesday.com
mkchropowicz@michaelbest.com                             elanzon@jonesday.com
*Attorneys for Defendant*                                *Attorneys for Defendant*
*Heather Van Hoegarden*                                  *Michael Polisky*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 14, 2021, she electronically filed the foregoing **DEFENDANTS NORTHWESTERN UNIVERSITY, DASILVA, OBERING, AND POLISKY'S OBJECTION TO PLAINTIFF'S REQUEST** with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Anneliese Wermuth
Anneliese Wermuth
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
312-382-3100
awermuth@cozen.com
*Attorneys for Defendant*
*Northwestern University*