**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Hayden Richardson, § § *Plaintiff*, § § v. § § Northwestern University, Amanda DaSilva, § Heather Van Hoegarden Obering, Michael § Polisky, and Pamela Bonnevier, § § *Defendants*. § § | Civil Action No. 1:21-cv-00522 Honorable Edmond E. Chang |

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Defendants Northwestern University ("Northwestern"), Amanda DaSilva ("DaSilva"), Heather Van Hoegarden Obering ("Obering"), and Michael Polisky ("Polisky")[1] hereby move for leave to file as supplemental authority the recently decided Eleventh Circuit opinion in *Doe #1 v. Red Roof Inns, Inc.*, No. 20-11764, 2021 WL 6062493 (11th Cir. Dec. 22, 2021), in further support of Defendants' pending Motion to Dismiss. In support of this motion, Defendants state as follows:

1. Defendants' Motion to Dismiss has been fully briefed by the parties and is pending before the Court. (*See* ECF Nos. 42, 47, 48, 49, 50).

2. In their briefs, Defendants argue, among other things, that Plaintiff has not adequately alleged participation in a venture for purposes of the TVPA. (*See* Dkt. 42 at 8-11; Dkt. 49 at 10-11.) Defendants urge the Court to apply the "ordinary meaning" of the word venture, and argue that Plaintiff has not adequately alleged "an undertaking involving inherent risk." (*See* Dkt. 42 at 10, n.5.) In her response brief in opposition to Defendants' motion to dismiss, Plaintiff

---

[1] Throughout this Response, Defendants Northwestern, DaSilva, Obering and Polisky are referred to collectively as "Defendants." The term does not include Defendant Bonnevier.

mischaracterizes Defendants' argument and does not articulate how Defendants "knowingly benefited … from taking part in *a common undertaking or enterprise involving risk and potential profit*," as Defendants argued was required. *Doe # 1*, 2021 WL 6062493, at *7 (emphasis added).

3. Defendants further argue that Plaintiff's Complaint should be dismissed because Plaintiff fails to allege that the Individual Defendants were aware that any of the alleged sexual misconduct was the result of trafficking. *See* Dkt. 42 at 26 ("even assuming the Individual Defendants were put on notice as to the alleged inappropriate sexual touching, nothing in the Complaint alleges the Individual Defendants were informed the purported conduct was the result of the alleged coercion or threats of serious harm.") Plaintiff responds that "[although] [t]he NW Defendants … argue that there is no allegation that they were 'informed the purported conduct was the result of the alleged coercion or threats of serious harm,' [t]he case law … does not require courts to employ such a literal reading of Section 1595 at the motion to dismiss stage." (Dkt. 48 at 39.)

4. On December 22, 2021, the Eleventh Circuit rendered a decision in *Doe #1 v. Red Roof Inns, Inc.*, No. 20-11764, 2021 WL 6062493 (11th Cir. Dec. 22, 2021) (attached hereto as **Exhibit A**). The opinion directly addressed both of the parties' disagreements outlined above, and held that, "to state a beneficiary claim under Section 1595(a), a plaintiff must plausibly allege that the defendant (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the [TVPA] as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the [TVPA] as to the plaintiff." *Doe # 1*, 2021 WL 6062493, at *10.

5. Specifically, first, in *Doe #1*, the Eleventh Circuit addressed the "knowing[] benefit *from participating in a venture*" element of beneficiary liability under the TVPA at the motion to

dismiss stage. *Doe # 1*, 2021 WL 6062493, at *5 (emphasis in original). Supporting Defendants' position in this case, the Eleventh Circuit defined the words in the TVPA according to "the common and ordinary meaning." *Doe # 1*, 2021 WL 6062493, at *4. The court noted that the "ordinary meaning" of "venture" is "an undertaking or enterprise involving risk and potential profit," and "[t]he ordinary meaning of participate or participation is to take part in or share with others in common or in an association." *Id.* at *6. Therefore, "the phrase 'participation in a venture' requires that the [plaintiff] allege that the [defendant] took part in a common undertaking or enterprise involving risk and potential profit." *Id.*

6. Second, the Eleventh Circuit addressed the "knew or should have known" element, holding that to be civilly liable as a beneficiary, a defendant must have "either actual or constructive knowledge *that the venture in which they participated and from which they benefited violated the TVPRA as to the [plaintiff]*." *Doe # 1*, 2021 WL 6062493, at *6 (emphasis added).

7. Accordingly, Defendants believe that this Court's determination of the parties' pending motions may be aided by considering the analysis set out in *Doe #1*.

8. [Defendants have conferred with Plaintiff's counsel who indicated she opposes this motion.]

9. Defendants respectfully submit that this Court can and should consider the *Doe #1* opinion as supplemental authority because (a) it was issued after the conclusion of all briefing deadlines in this matter; and (b) it is persuasive authority addressing beneficiary liability under the TVPA. *Jacobs, Jr. v. Guardian Life Ins. Co. of Am.*, 730 F. Supp. 2d 830, 844 (N.D. Ill. 2010) (granting motion for leave to file supplemental authority that was "helpful with respect to" a point at issue in the case).

For the foregoing reasons, Defendants hereby move for leave to file the attached *Doe #1* decision as supplemental authority and request that the Court consider it in connection with the parties' briefings on the motion to dismiss.

Dated: December 30, 2021                                  Respectfully submitted,

/s/ *Anneliese Wermuth*  
Anneliese Wermuth  
Alan M. Pittler  
COZEN O'CONNOR  
123 North Wacker Drive, Suite 1800  
Chicago, IL 60606  
312-474-7900  
awermuth@cozen.com  
apittler@cozen.com  
*Attorneys for Defendant*  
*Northwestern University*

/s/ *LaKeisha C. Marsh*  
Amy Graham Doehring  
Jamel A. Greer  
LaKeisha C. Marsh  
AKERMAN LLP  
71 S. Wacker Drive  
Chicago, IL 60606  
312-634-5700  
amy.doehring@akerman.com  
jamel.greer@akerman.com  
lakeisha.marsh@akerman.com  
*Attorneys for Defendant*  
*Amanda DaSilva*

/s/ *Kerryann M. Haase*  
Kerryann M. Haase  
Brian P. Paul  
Michael K. Chropowicz  
MICHAEL BEST & FRIEDRICH LLP  
444 West Lake Street, Suite 3200  
Chicago, IL 60606  
312-222-0800  
kmhaase@michaelbest.com  
bppaul@michaelbest.com  
mkchropowicz@michaelbest.com  
*Attorneys for Defendant*  
*Heather Van Hoegarden*

/s/ *Bethany K. Biesenthal*  
Bethany K. Biesenthal  
Jordan M. Matthews  
Emma J. Lanzon  
JONES DAY  
77 West Wacker Drive, Suite 3500  
Chicago, IL 60601  
312-782-3939  
bbiesenthal@jonesday.com  
jmatthews@jonesday.com  
elanzon@jonesday.com  
*Attorneys for Defendant*  
*Michael Polisky*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 30, 2021, she electronically filed the foregoing **DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

> */s/ Anneliese Wermuth*
> Anneliese Wermuth
> COZEN O'CONNOR
> 123 North Wacker Drive, Suite 1800
> Chicago, IL 60606
> 312-382-3100
> awermuth@cozen.com
> *Attorneys for Defendant*
> *Northwestern University*