UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Hayden Richardson,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 1:21-cv-00522 |
| v. ) | |
| ) | Honorable Edmond E. Chang |
| **Northwestern University, Amanda** ) | |
| **DaSilva, Heather Van Hoegarden** ) | **Order Directing the** |
| **Obering, Michael Polisky, and Pamela** ) | **Production of Certain FERPA** |
| **Bonnevier,** ) | **Protected Documents and** |
| ) | **Information Subject to** |
| **Defendant.** ) | **Confidentiality Order** |

**FERPA ORDER**

The Parties have conferred and have concluded that certain information and documents related to this action may fall within the definition of "Education Records" or "Personally Identifiable Information" ("PII") under 20 U.S.C. §§ 1232g(a)(4)(A) and 1232g(b)(1) of the Family Educational Rights and Privacy Act ("FERPA") and its implementing regulations found at 34 C.F.R. § 99.30 *et. seq*. FERPA provides that Education Records and PII may be disclosed only if the records are provided pursuant to judicial order so long as "a reasonable effort" is made "to notify the parent or eligible student of the order . . . in advance of compliance, so that the parent or eligible student may seek protective action." 34 C.F.R. § 99.31(a)(9)(i)-(ii).

The Court, being satisfied that the disclosure of Education Records and PII is necessary and material to this case and that the Parties have undertaken efforts to specifically protect such information, hereby finds that good cause exists for the entry of this Order.

It is ORDERED that:

1

1. To the extent that the production of documents or information which contain Education Records or PII is required by the Rules of Civil Procedure or other applicable law, this Court hereby orders the production of said documents subject to the terms set forth below.

2. Education Records or PII shall be produced in accordance with the Confidentiality Order which shall be entered by this court following submission by the Parties and after judicial review.

3. To the extent notice is required by FERPA prior to the production of any Education Records or PII, legally adequate notice under 34 C.F.R. § 99.31(a)(9)(ii) shall be provided in a form substantially similar to that attached to this Order as Exhibit A ("Notice") so the student, former student, or other person may seek protective action with this Court. The Notice shall be sent by email to the recipient's last known electronic mail address. If no such email address is available, Notice shall be sent by mail to the last known address of the recipient. The Notice shall advise the recipient that, if they wish to seek protective action, they have 14 days from the date the Notice is sent to seek protection from the Court. A producing party's attempt to deliver Notice in this manner will be deemed a reasonable effort irrespective of whether any electronic mail address or physical address proves to be outdated. Plaintiff, through counsel, shall be promptly informed of the identity of each individual for whom Notice is attempted pursuant to this Order.

4. In the event a Notice recipient has not sought protection from the Court within 14 days of the date on which the Notice was sent, the Education Records and PII that were the subject of such Notice shall be produced in accordance with the Federal Rules of Civil Procedure.

5. In the event a Notice recipient timely seeks protection from the Court, the Education records and PII that are the subject of such Notice shall not be produced without further Order of this Court. The Court will provide the Parties notice of any letters seeking protective

action in connection with this Order or the procedures set forth herein by filing the letters on the docket and will give the Parties an opportunity to respond to each such letter within 30 days after its filing. The Court will then determine whether, or to what extent, it will order production of the Education Records or PII at issue.

6. Nothing in this Order precludes a party from objecting to the production of documents or information covered by FERPA on any grounds supported by the Federal Rules of Civil Procedure.

7. Nothing in this Order shall be deemed to require notice of any production to any student, former student, or other person in the event that the producing party is not required to provide notice pursuant to FERPA.

**SO ORDERED.**

DATE: __01/03/2024_____

_____
Honorable Edmond E. Chang
U.S. District Court Judge

EXHIBIT A

NOTICE OF DISCLOSURE OF EDUCATION RECORDS AND/OR PERSONALLY IDENTIFIABLE INFORMATION

[INSERT NAME/ADDRESS, ETC]

Dear _____,

Northwestern University ("Northwestern") is providing this notice to you in connection with a lawsuit filed by Hayden Richardson ("Plaintiff") against Northwestern, Amanda DaSilva, Heather Van Hoegarden Obering, Michael Polisky, and Pamela Bonnevier (collectively "Defendants"). The case caption is *Richardson v. Northwestern University, et al.*, Case No. 1:21-cv-00522 (Northern District of Illinois).

In connection with this litigation, one or more parties have requested information and documents that may fall within the definition of "Education Records" or "Personally Identifiable Information" under 20 U.S.C. §§ 1232g(a)(4)(A) and 1232g(b)(1) of the Family Educational Rights and Privacy Act ("FERPA"). FERPA protects your Education Records and the Personally Identifiable Information contained within your records from unauthorized disclosure. FERPA also allows this information to be disclosed, without your prior written consent, pursuant to a judicial order and in accordance with 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9)(i).

In the course of this litigation, Northwestern may be required to disclose information and documents pertaining to your participation and experiences on the Northwestern cheerleading team or Spirit Squad (the "Team"), which may include some of your "Education Records" and/or "Personally Identifiable Information" as defined by FERPA and its implementing regulations. The information and documents which may be disclosed include, but are not limited to, information and documents regarding your participation and experiences on the Northwestern Spirit Squad or cheerleading team; information and documents regarding your attendance at various Spirit Squad, cheerleading, Athletic functions, "donor" events; information and documents regarding your attendance at and participation in training or in-service programs offered by the Office of Civil Rights and Title IX Compliance (formerly Office of Equity) or other Northwestern personnel or departments; information and documents regarding your financial aid applications, financial awards, or other applications submitted or recognitions received in connection with the Spirit Squad, cheerleading team, or Athletics; information and documents related to inquiries or investigations about the Spirit Squad and cheerleading team; information and documents related to Plaintiff Hayden Richardson's senior thesis research; and related records.

Pursuant to a Court Order, Northwestern may provide the requested information to all parties in this case, or other entities or individuals involved in the litigation. A copy of the court order is enclosed here as Attachment A.

1

**The information will be provided under strict standards of confidentiality enforced by an order of the United States District Court for the Northern District of Illinois limiting the records disclosed for use in this lawsuit only.**

**You may seek protective action from the Court** if you do not want Northwestern to provide the requested information to the parties in this lawsuit. If you wish to object to the disclosure of your information as described above, you must, within 14 days of the date on this Notice:

1. Write a letter to the Court notifying Judge Edmond E. Chang that you seek protective action concerning disclosure of some or all of your records;
2. On the first page of your letter, write in large or underlined letters:
    OBJECTIONS TO DISCLOSURE OF FERPA INFORMATION IN RICHARDSON V. NORTHWESTERN UNIVERSITY, et al., Case No. 1:21-cv-00522.
3. Include your name, address, phone number and/or email address; and
4. Mail your letter to:
    Clerk's Office: Attn: Hon. Edmond E. Chang
    U.S. District Court Northern District of Illinois
    219 South Dearborn Street
    Chicago, IL 60604
    (312) 435-5670

All objections must be in writing, and must be received by the Court no later than **14 days from the date of this Notice**. **PLEASE DO NOT CALL THE COURT.**