# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Hayden Richardson, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-00522 |
| | § | |
| Northwestern University, Amanda DaSilva, | § | Honorable Edmond E. Chang |
| Heather Van Hoegarden Obering, Michael | § | |
| Polisky, and Pamela Bonnevier, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

**DEFENDANT MICHAEL POLISKY'S FIRST SET OF REQUESTS FOR**
**PRODUCTION TO PLAINTIFF HAYDEN RICHARDSON**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Michael Polisky ("Polisky") hereby serves upon Plaintiff Hayden Richardson the following Requests for Production of Documents. Plaintiff shall produce the requested documents for inspection and copying at the offices of Jones Day, c/o Bethany Biesenthal, 110 North Wacker Drive, Suite 4800, Chicago, Illinois 60606, within 30 days hereof.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to Polisky's requests for production:

1.      "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants' work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or

1

summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten, or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed, or graphic matters, however produced or reproduced.

2.      "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3.      "Person" means any natural or artificial person, including business entities and other legal entities.

4.      "Polisky" refers to Defendant Michael Polisky.

5.      "Plaintiff" refers to Hayden Richardson and any of Plaintiff's agents, representatives, or anyone else acting, or who has acted, on behalf of Plaintiff.

6.      "Complaint" refers to the Complaint filed by Plaintiff on or about January 29, 2021, in the United States District Court for the Northern District of Illinois as Civil Action No. 1:21-cv-00522.

7.      "Obering" refers to Defendant Heather Van Hoegarden Obering.

8.      "Coach Bonnevier" refers to Defendant Pamela Bonnevier.

9.      "Spirit Squad" refers to Northwestern University's Cheerleading Team.

10.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

11.     "Including" shall be construed to mean "without limitation."

12.     Reference to the singular in any of these requests shall include a reference to the plural, and reference to the plural shall include a reference to the singular.

13.     "Related to" and "relating to" means directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising, or concerning.

14.     "Social media" shall be construed broadly to include any social media platform or interactive website or application, including but not limited to TikTok, Facebook, Instagram, Reddit, Tumblr, LinkedIn, and Snapchat.

15.     The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request.

16.     The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source.  All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to Plaintiff or any of her attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

17.     In the event you assert any form of objection or privilege as a ground for not answering a document production request, please set forth the legal grounds and facts upon which the objection or privilege is based.  If the objection relates to only part of the document, the balance of the document production should be answered in full.  With respect to any document which is

withheld on a claim of privilege, Plaintiff shall provide, at the time her responses are due hereunder, a statement setting forth as to each such document the following information:

    a.    the name(s) of the sender(s) of the document;

    b.    the name(s) of the author(s) of the document;

    c.    the name(s) of the person(s) to whom the document or copies were sent;

    d.    the date of the document;

    e.    a brief description of the nature and subject matter of the document; and

    f.    the nature of the privilege or the authority which is claimed to give rise to it.

18.    If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

    a.    the type of document;

    b.    a description of the nature and contents of the document;

    c.    the identity of the author;

    d.    the circumstances under which it ceased to exist;

    e.    the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist;

    f.    the identity of all Person(s) who had knowledge of the contents; and

    g.    the date on which it ceased to exist or otherwise went missing.

19.    Should you obtain any other documents or information that would supplement or modify the documents or information supplied by you in response to these requests, you are directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such documents and information and to furnish the additional documents or information to Polisky without delay.

## <u>DOCUMENTS TO BE PRODUCED</u>

**REQUEST NO. 1:**

All Documents that support Plaintiff's allegation that Polisky benefitted from participating in a venture which he knew or should have known was a violation of the TVPA, as alleged in the Complaint.

**RESPONSE TO REQUEST NO. 1:**

**REQUEST NO. 2:**

All Documents and Communications that refer or relate to Plaintiff's alleged trafficking as a member of the Spirit Squad, including emails, text messages, and other communications.

**RESPONSE TO REQUEST NO. 2:**

**REQUEST NO. 3:**

All Documents and Communications that refer or relate to any alleged sexual harassment, sexual abuse, or sexual misconduct perpetrated against a member of the Spirit Squad, including emails, photographs, text messages, social media posts / messages, and other communications.

**RESPONSE TO REQUEST NO. 3:**

**REQUEST NO. 4:**

All Documents and Communications that refer or relate to any alleged financial difficulties or financial hardship or inability to pay basic necessities experienced by Plaintiff during the time she was enrolled at Northwestern University or University of Nebraska – Lincoln.

**RESPONSE TO REQUEST NO. 4:**

**REQUEST NO. 5:**

All journals, personal calendars, team calendars, and diary entries that refer or relate to Plaintiff's alleged trafficking as a member of the Spirit Squad, including materials reflecting the date and location of each event Plaintiff attended as a representative of the Spirit Squad, or any inappropriate touching, sexual exploitation, or verbal harassment that occurred at those events.

**RESPONSE TO REQUEST NO. 5:**

**REQUEST NO. 6:**

All Documents reflecting Plaintiff's travel in and out of the state of Illinois in connection with her membership in the Spirit Squad, including transportation receipts, lodging receipts, car rental receipts, plane tickets, and bus tickets.

**RESPONSE TO REQUEST NO. 6:**

**REQUEST NO. 7:**

All social media posts, private / direct messages, and blogs that refer or relate to Plaintiff's involvement in the Spirit Squad, Plaintiff's alleged trafficking as a member of the Spirit Squad, and the allegations underlying the Complaint, including all posts and communications on the Spirit Squad's private and public Facebook pages.

**RESPONSE TO REQUEST NO. 7:**

**REQUEST NO. 8:**

All Documents that refer or relate to public statements Plaintiff has made, articles or op eds Plaintiff has written, or interviews Plaintiff has participated in that relate to the allegations underlying the Complaint, the TVPA, or labor or sex trafficking.

**RESPONSE TO REQUEST NO. 8:**

**REQUEST NO. 9:**

A certified copy of Plaintiff's mobile telephone records and records from any other electronic device (*e.g.*, iPad), including details of incoming and outgoing calls, text messages, and emails from the period in which Plaintiff was a member of the Spirit Squad.

**RESPONSE TO REQUEST NO. 9:**

**REQUEST NO. 10:**

All Documents that refer, relate to, or identify addresses Plaintiff has resided at since August 2017, including rental agreements, deeds, and payments.

**RESPONSE TO REQUEST NO. 10:**

**REQUEST NO. 11:**

All Documents that refer, relate to, or identify every email address Plaintiff has used since August 2017.

**RESPONSE TO REQUEST NO. 11:**

**REQUEST NO. 12:**

All Documents that refer or relate to Plaintiff's educational background, including applications to all schools, transcripts from institutions, trade, or professional schools attended, documents reflecting dates of attendance, and documents reflecting any degree, certificate or license obtained.

**RESPONSE TO REQUEST NO. 12:**

**REQUEST NO. 13:**

All Documents that refer or relate to Plaintiff's contention that, "Plaintiff experienced extreme difficulties in completing her schoolwork" and "Plaintiff's grades suffered significantly throughout the Fall of 2018 into the Spring of 2019," as alleged in Paragraph 133 of the Complaint.

**RESPONSE TO REQUEST NO. 13:**

**REQUEST NO. 14:**

All Documents that refer or relate to Plaintiff's payment of her college tuition, room and board, and associated costs and fees for each semester of her higher education (at University of Nebraska – Lincoln, Northwestern University, and elsewhere), including documents reflecting Plaintiff's application for and/or receipt of public or private loans (including documents related to the terms of those loans and the current outstanding balance of the same); documents reflecting any financial assistance Plaintiff received from family members or friends to pay for her higher education, including (if applicable) any memorialization of Plaintiff's responsibility for repaying such debts and documents reflecting the amount of debt outstanding; and documents reflecting the terms and amount of any and all scholarships and grants Plaintiff applied for and/or received from University of Nebraska – Lincoln, Northwestern University, or elsewhere, including documents reflecting the terms of the scholarship Plaintiff received from Northwestern University for her participation on the Spirit Squad.

**RESPONSE TO REQUEST NO. 14:**

**REQUEST NO. 15:**

All Documents that refer or relate to travel expenses, food costs, equipment costs, camp expenses, and other costs Plaintiff incurred as a member of the Spirit Squad, including documents reflecting the dates these costs were incurred and the amount of each cost.

**RESPONSE TO REQUEST NO. 15:**

**REQUEST NO. 16:**

All Documents that refer or relate to Plaintiff's places of employment and job titles since August 2017, including job applications, pay stubs, resumes, and employment contracts.

**RESPONSE TO REQUEST NO. 16:**

**REQUEST NO. 17:**

All Documents reflecting Plaintiff's efforts to study for the LSAT, including Documents reflecting Plaintiff's purchase of LSAT preparatory classes and workbooks, Plaintiff's participation in the same, and the price of the same.

**RESPONSE TO REQUEST NO. 17:**

**REQUEST NO. 18:**

All Documents related to Plaintiff's LSAT exams, including Documents reflecting the dates on which Plaintiff took the LSAT, the cost of each LSAT exam Plaintiff took, and Plaintiff's scores.

**RESPONSE TO REQUEST NO. 18:**

**REQUEST NO. 19:**

All Documents related to all of Plaintiff's law school applications, including application packages, rejection letters, and acceptance letters.

**RESPONSE TO REQUEST NO. 19:**

**REQUEST NO. 20:**

All Documents reflecting the "advertisements and representations" that Plaintiff claims enticed her to join the Spirit Squad, as alleged in Paragraphs 180, 181, 203, and 204 of the Complaint.

**RESPONSE TO REQUEST NO. 20:**

**REQUEST NO. 21:**

All Documents and Communications related to Plaintiff's efforts to become a member of the Spirit Squad in 2018, including any conversation between Plaintiff and Coach Bonnevier or Spirit Squad members, and a copy of the materials Plaintiff submitted to try out for the Spirit Squad, including but not limited to Plaintiff's tryout video.

**RESPONSE TO REQUEST NO. 21:**

**REQUEST NO. 22:**

All Documents related to the Spirit Squad contracts Plaintiff signed at the beginning of each academic year, including Plaintiff's signed copies of the Spirit Squad Contract for each season in which she was a member of the Spirit Squad.

**RESPONSE TO REQUEST NO. 22:**

**REQUEST NO. 23:**

All Documents that refer, reflect, or relate to Plaintiff's alleged trafficking as a member of the Spirit Squad, including documents reflecting the date and location of each incident where Plaintiff alleges she was inappropriately touched, sexually exploited, or verbally harassed, documents reflecting the type of the inappropriate contact, and documents reflecting the identity of the perpetrator of that inappropriate action.

**RESPONSE TO REQUEST NO. 23:**

**REQUEST NO. 24:**

All Documents and Communications that reflect reports Plaintiff made concerning her alleged trafficking, including but not limited to emails, text messages, discussions / posts on social media, and other communications with Plaintiff's family members, friends, or fellow members of the Spirit Squad.

**RESPONSE TO REQUEST NO. 24:**

**REQUEST NO. 25:**

All Documents and Communications that reflect reports Plaintiff made concerning her alleged trafficking to Northwestern University employees and affiliates outside of the Athletic Department, including communications with Spirit Squad doctors, Spirit Squad trainers, Northwestern University's Counseling and Psychological Services ("CAPS"), Northwestern University professors, coaching staff, or any other individuals affiliated with Northwestern University. This Request extends to written statements to Northwestern University officials or staff members, victim impact statements, and any other documents related to Plaintiff's involvement in the reporting and investigation of the function of the Spirit Squad under Coach Bonnevier's leadership.

**RESPONSE TO REQUEST NO. 25:**

**REQUEST NO. 26:**

All Documents and Communications that reflect Plaintiff's communications with the Athletic Department and Plaintiff's reports of the facts underlying the Complaint to the Athletic Department, including all communications between Plaintiff, Obering, Polisky, or any other member of the Athletic Department and all notes reflecting those meetings or discussions.

**RESPONSE TO REQUEST NO. 26:**

**REQUEST NO. 27:**

All Communications between Plaintiff and Polisky related to the Spirit Squad.

**RESPONSE TO REQUEST NO. 27:**

**REQUEST NO. 28:**

All Communications discussing Polisky's response to Plaintiff's complaints of alleged trafficking or sexual misconduct.

**RESPONSE TO REQUEST NO. 28:**

**REQUEST NO. 29:**

All Documents that relate to the testimonials and evidence Plaintiff collected for the Athletic Department (as described in Paragraphs 85–86 of the Complaint), including all materials Plaintiff delivered to the Athletic Department in or about January 2019 and all Communications between Plaintiff and other members of the Spirit Squad regarding the same.

**RESPONSE TO REQUEST NO. 29:**

**REQUEST NO. 30:**

All Documents that support Plaintiff's allegation that Polisky accused her of "fabricating" the testimonials and evidence Plaintiff delivered to the Athletic Department, as alleged in Paragraphs 8 and 88 of the Complaint.

**RESPONSE TO REQUEST NO. 30:**

**REQUEST NO. 31:**

All Documents that support Plaintiff's allegation that she "requested to meet with Jim Phillips" but "Polisky did not permit Plaintiff" to do so, as alleged in Paragraph 87 of the Complaint.

**RESPONSE TO REQUEST NO. 31:**

**REQUEST NO. 32:**

All Communications from representatives of Northwestern University to Plaintiff and/or other members of the Spirit Squad that acknowledge the Spirit Squad's negative experiences under Coach Bonnevier's leadership, describe organizational changes for the Spirit Squad, lay out information about available support services and confidential resources for students, and/or explain that Northwestern University retained an external investigator to ensure all concerns were heard. This Request includes, but is not limited to, communications from TiShaunda McPherson and Janna Blais on or about February 18, 2021, and communications from Janna Blais and Maria Sanchez on or about March 5, 2021.

**RESPONSE TO REQUEST NO. 32:**

**REQUEST NO. 33:**

All Communications to or from any employee of Northwestern University related to any alleged instances of trafficking or sexual misconduct.

**RESPONSE TO REQUEST NO. 33:**

**REQUEST NO. 34:**

All Communications Plaintiff received from Debbie Osgood (Hogan Marren Babboo & Rose, Ltd.) on or about February 24, 2021, regarding her investigation into allegations of discrimination and harassment within the Spirit Squad, and Documents reflecting Plaintiff's decision not to participate in an interview for or otherwise cooperate with that investigation.

**RESPONSE TO REQUEST NO. 34:**

**REQUEST NO. 35:**

All Documents that relate to the preparation of Plaintiff's Honors Thesis, "Cheerleading at Northwestern University: A Case Study of Institutional Failure." This Request extends to the production of:

- All drafts of Plaintiff's Honors Thesis and the final version thereof;

- Documents identifying individual cheerleaders included in Plaintiff's Honors Thesis;

- All Communications with current and former members of the Spirit Squad in connection with her Honors Thesis, including Plaintiff's initial outreach requesting participation in her study, communications regarding Spirit Squad members' willingness to participate in the study, and supporting documentation Plaintiff received from other members of the Spirit Squad in the process of preparing her thesis;

- Interview questions Plaintiff used during her discussions with current and former members of the Spirit Squad, and all notes reflecting the content of those interviews;

- All Communications with Professor Sara Monoson and Professor Kimberly Yuracko regarding Plaintiff's Honors Thesis, including but not limited to Plaintiff's methodology, research findings, and conclusions;

- All notes from meetings with Professor Sara Monoson and Professor Kimberly Yuracko regarding Plaintiff's Honors Thesis, including but not limited to Plaintiff's methodology, research findings, and conclusions; and

- All Documents and figures cited or relied upon in the preparation of Plaintiff's Honors Thesis, including but not limited to those listed, cited, and copied in the Figures, Glossary, Appendices, and Bibliography sections of the final version of her Honors Thesis.

**RESPONSE TO REQUEST NO. 35:**

**REQUEST NO. 36:**

All Documents that refer or relate to the participants in the alleged sex trafficking venture "formed . . . by virtue of Defendants' relationships with each other within Northwestern athletics," as alleged in Paragraphs 185, 209, and 228 of the Complaint.

**RESPONSE TO REQUEST NO. 36:**

**REQUEST NO. 37:**

All Documents that support Plaintiff's allegation that Polisky "enticed" Plaintiff "to join the Northwestern cheerleading team", including through "the advertisements and representations that were made about the team via the team's webpage" and "offer[s] [of] great opportunities to cheer at 'some of the most storied stadiums in college athletics,' and provided members with gear, financial grants, and the opportunity to be on TV every week," as alleged in Paragraphs 180, 181, 203, and 204 of the Complaint.

**RESPONSE TO REQUEST NO. 37:**

**REQUEST NO. 38:**

All Documents that support Plaintiff's allegation that Polisky knew members of the Spirit Squad would be forced to engage in commercial sex acts upon joining the team, as alleged in Paragraphs 190, 202, and 233 of the Complaint.

**RESPONSE TO REQUEST NO. 38:**

**REQUEST NO. 39:**

All Documents that support Plaintiff's allegation that Polisky "formed a venture with Northwestern for the purpose of increasing donations to Northwestern, which on information and belief, allowed for larger salary opportunities and continued employment," as alleged in Paragraphs 192, 218, and 235 of the Complaint.

**RESPONSE TO REQUEST NO. 39:**

**REQUEST NO. 40:**

All Documents that support Plaintiff's allegation that Polisky "had the purpose of blocking and covering up investigations into Bonnevier's actions relating to the Northwestern Cheerleading team in order to avoid public criticism and to continue receiving large financial grants from donors," particularly Plaintiff's contention that Polisky "fail[ed] to promptly report Plaintiff's allegations to the Title IX office," as alleged in Paragraphs 188, 212, and 231 of the Complaint.

**RESPONSE TO REQUEST NO. 40:**

**REQUEST NO. 41:**

All Documents that refer or relate to Plaintiff's allegation that Polisky "received a financial benefit as a result of the sexual exploitation [he] subjected Northwestern cheerleaders to," as alleged in Paragraphs 191, 215, and 234 of the Complaint.

**RESPONSE TO REQUEST NO. 41:**

**REQUEST NO. 42:**

All Documents, including phone records, relating to any correspondence, Communication, or interaction between Plaintiff and members of the Athletic Department—including Polisky—when she was a student at Northwestern University.

**RESPONSE TO REQUEST NO. 42:**

**REQUEST NO. 43:**

All Documents, including medical records, that refer or relate to any physical, emotional, or psychological harm or other damages suffered by Plaintiff as a result of Polisky's alleged actions, including records related to the "twice weekly" therapy sessions Plaintiff claims she attended between October 2018 and September 2020, and the "four different psychiatric medications" Plaintiff was prescribed to help her with depressive episodes and panic attacks, as alleged in Paragraphs 132 and 134 of the Complaint.

**RESPONSE TO REQUEST NO. 43:**

**REQUEST NO. 44:**

All Documents, including medical reports, medical tests, psychological tests, psychiatric tests, or tests of any other kind, that purport to document any injury (regardless of type) claimed by Plaintiff as a result of her alleged trafficking as a member of the Spirit Squad.

**RESPONSE TO REQUEST NO. 44:**

**REQUEST NO. 45:**

All Documents, including medical bills, that evidence, reflect, or refer to any damage or expenses incurred by or on Plaintiff's behalf that she claims were incurred as a result of her alleged trafficking as a member of the Spirit Squad.

**RESPONSE TO REQUEST NO. 45:**

**REQUEST NO. 46:**

If Plaintiff is seeking lost wages, federal and state income tax returns, Forms W-2, Forms 1099, and any other tax related Documents evidencing Plaintiff's income from 2008–2019.

**RESPONSE TO REQUEST NO. 46:**

**REQUEST NO. 47:**

Any written, transcribed, or audio/video statement or executed affidavit of any witness or other individual—including Plaintiff—who has, or may have, knowledge of the allegations in the Complaint and/or the damages allegedly resulting in the allegations in the Complaint.

**RESPONSE TO REQUEST NO. 47:**

**REQUEST NO. 48:**

All Documents and Communications including, but not limited to, correspondence, memoranda, email messages, text messages, letters, notes, telephone messages or recordings, and other communications of any kind that evidence, reflect, refer to, relate to, or concern in any way any conversation, meeting, discussion, or other written or oral communication of any kind between you and any third-parties concerning Polisky.

**RESPONSE TO REQUEST NO. 48:**

**REQUEST NO. 49:**

All Documents received from a third-party or non-party related to Plaintiff, Plaintiff's alleged trafficking as a member of the Spirit Squad, or the allegations contained in the Complaint, whether obtained in response to a subpoena, non-party request, FOIA request, or similar mechanism served in connection with this matter.

**RESPONSE TO REQUEST NO. 49:**

**REQUEST NO. 50:**

All Documents and Communications including, but not limited to, statements, transcripts of testimony, correspondence, memoranda, email messages, text messages, letters, notes, or other communications of any kind to or from any present or former Northwestern employee—including Polisky—that evidence, reflect, refer to, relate to, or concern in any way any the allegations in the Complaint.

**RESPONSE TO REQUEST NO. 50:**

**REQUEST NO. 51:**

All tangible reports, physical models, compilations of data, and other materials prepared by an expert, or for an expert, who may testify at the trial of this matter or in a deposition for this lawsuit.

**RESPONSE TO REQUEST NO. 51:**

**REQUEST NO. 52:**

For each and every expert witness that Plaintiff has identified in this matter or intends to offer at the trial for this matter, please provide:

- All reports that contain the expert's opinions in this matter, and the basis and reasons for those opinions;

- Copies of all written materials, notes, memoranda, videotapes, photographs, tests, test results, examinations, or other material reviewed and considered by the expert in preparation of each of his or her opinions;

- The expert's most recent curriculum vitae and publications list;

- All Documents which refer to, relate to, or evidence the compensation to be paid to the expert or others acting under his or her direction for time spent on this case; and

- Copies of all billings for services rendered.

**RESPONSE TO REQUEST NO. 52:**

**REQUEST NO. 53:**

All retention agreements between Plaintiff and counsel in this action.

**RESPONSE TO REQUEST NO. 53:**

**REQUEST NO. 54:**

All Documents identified in response to Polisky's First Set of Interrogatories propounded to Plaintiff, served contemporaneously herewith.

**RESPONSE TO REQUEST NO. 54:**

**REQUEST NO. 55:**

All Documents reviewed by Plaintiff to assist with her recollection of the facts alleged in the Complaint, referenced, or used to otherwise inform the allegations made in the Complaint.

**RESPONSE TO REQUEST NO. 55:**

**REQUEST NO. 56:**

All Documents not otherwise requested herein that Plaintiff may introduce into evidence at trial or at any deposition in this matter.

**RESPONSE TO REQUEST NO. 56:**

**REQUEST NO. 57:**

All Documents reviewed, regardless of whether ultimately relied upon, in preparing Plaintiff's responses to interrogatories or requests for admission served by any defendant, including Northwestern, in this matter.

**RESPONSE TO REQUEST NO. 57:**

Dated: October 31, 2023

Respectfully Submitted,

/s/ *Bethany K. Biesenthal*

Bethany K. Biesenthal
Jordan M. Matthews
Allison L. McQueen
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.269.4161
Facsimile: +1.312.782.8585
bbiesenthal@jonesday.com
jmatthews@jonesday.com
amcqueen@jonesday.com

*Attorneys for Defendant Michael Polisky*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 31, 2023, I caused the foregoing to be served via email on the following counsel of record:

*Attorneys for Plaintiff Hayden Richardson*

*Attorneys for Defendant Amanda DaSilva*

*Attorneys for Defendant Heather Van Hoegarden Obering*

*Attorneys for Defendant Pamela Bonnevier*

*Attorneys for Defendant Northwestern University*

*/s/ Robert F. Hart*
Robert F. Hart

*Attorney for Defendant Michael Polisky*