EXHIBIT D

# JONES DAY

110 NORTH WACKER DRIVE • CHICAGO, ILLINOIS 60606

TELEPHONE: +1.312.782.3939 • JONESDAY.COM

Direct Number: 312.269.4303
bbiesenthal@jonesday.com

March 7, 2024

**VIA EMAIL**

Gabrielle M. Vinci
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, NY 10001
Telephone: (212) 736-4500
Email: gvinci@nmllplaw.com

    Re: *Richardson v. Northwestern University, et al,* No. 1:21-cv-00522 (N.D. Ill.) – Plaintiff's Responses & Objections to Defendant Michael Polisky's First Set of Interrogatories and First Requests For the Production of Documents

Counsel:

    As you know, Jones Day represents Defendant Michael Polisky ("Polisky") in the above-captioned lawsuit. Without waiving Polisky's right to identify additional issues related to Plaintiff Hayden Richardson's discovery responses, this letter sets forth a number of deficiencies in Plaintiff's Responses to Polisky's First Set of Interrogatories and Polisky's First Requests for the Production of Documents ("Plaintiff's Initial Responses"), both dated February 9, 2024.

    As an initial matter, Polisky objects to Plaintiff's use of general objections, and the incorporation of those general objections into each of Plaintiff's Initial Responses. The United States District Court for the Northern District of Illinois has held that such general objections are improper. *See In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 306–07 (N.D. Ill. 1997) (rejecting generic, non-specific, boilerplate objections); *Fudali v. Napolitano*, 283 F.R.D. 400, 403 (N.D. Ill. 2012) (stating "the cases are clear that these sorts of 'boilerplate' objections are ineffectual"). In particular, Polisky objects to the claimed "critical self-evaluative privilege" listed as a General Objection in Plaintiff's Responses to Polisky's First Set of Interrogatories; such a privilege is not applicable in this case. Plaintiff's objection to producing "confidential business or proprietary information or trade secrets" is also inappropriate and inapplicable in this case. Please update Plaintiff's Initial Responses to clarify whether there is any responsive information that was withheld on the basis of Plaintiff's general objections, and state whether there are any responsive documents that were not produced on the basis of Plaintiff's general objections. To the extent there are any documents being withheld on the basis of privilege, please provide a privilege log.

JONES DAY

March 7, 2024
Page 2

The remainder of this letter will lay out some of the deficiencies in Plaintiff's responses to specific Interrogatories and Requests for the Production of Documents.

### I. PLAINTIFF'S RESPONSES TO DEFENDANT MICHAEL POLISKY'S FIRST SET OF INTERROGATORIES

With respect to Plaintiff's Responses to Defendant Michael Polisky's First Set of Interrogatories, Polisky requests that Plaintiff provide amended responses correcting the following deficiencies:

**Interrogatory Nos. 1, 2**: Polisky's Interrogatory Nos. 1 and 2 request details about "each incident where Plaintiff alleges she was inappropriately touched, sexually exploited, or verbally harassed[.]" Among other details, these Interrogatories requested "the date and location of each incident[,]" "a description of the inappropriate contact," "the identity of the perpetrator of that inappropriate action," and "the identity of any individual who witnessed the inappropriate action[.]"

In response to both of the Interrogatories, Plaintiff simply refers Polisky to the Complaint. The Complaint, however, identifies neither the specific individuals who "inappropriately touched, sexually exploited, or verbally harassed" Plaintiff *nor* the identity of witnesses to such action. Please provide a narrative response to Interrogatory Nos. 1 and 2 that supplements the allegations laid out in the Complaint. As stated in each of these Interrogatories, to the extent Plaintiff does not know the name of a particular perpetrator or witness, it would be sufficient for her to provide any "information within Plaintiff's knowledge and possession that could identify such individual, including the individual's physical description and, if applicable, job description." *At a minimum*, Plaintiff should be able to identity fellow members of the Spirit Squad who witnessed specific instances of inappropriate touching, sexual exploitation, or verbal harassment.

**Interrogatory No. 3**: Polisky's Interrogatory No. 3 asked Plaintiff to "state what information provided to or observed by Polisky allegedly put him on notice of Plaintiff's alleged trafficking" during two key time periods: prior to January 2019 and after Spring 2019. Again, Plaintiff referred Polisky to her Complaint rather than providing a substantive response to this Interrogatory.

Please provide a narrative response to Interrogatory No. 3 that describes what information, if any, was provided to or observed by Polisky that would have put him on notice of Plaintiff's alleged trafficking (a) prior to Plaintiff's initial meeting with Polisky in January 2019, and (b) following the end of the 2018–2019 Spirit Squad Season (when the Spirit Squad's attendance at tailgates was ended and Coach Bonnevier was provided with training by the Office of Equity). If Plaintiff herself did not bring specific instances of alleged trafficking to Polisky's attention during those two time frames, and if she is unaware of other individuals who raised such concerns to Polisky

JONES DAY

March 7, 2024
Page 3

(whether a fellow member of the Spirit Squad or otherwise), please state that in response to Interrogatory No. 3.

**Interrogatory Nos. 4, 5, 6, 7**:  In response to Interrogatory Nos. 4, 5, 6, and 7, Plaintiff simply refers Polisky to her Complaint.  If Plaintiff does not have additional information beyond that which is in the Complaint to support the allegations at issue, please amend Plaintiff's responses to these Interrogatories to state as such.

**Interrogatory No. 8**:  Plaintiff's Response to Interrogatory No. 8 fails to identify any individuals beyond the "individual Defendants" and unidentified "fellow members of the Spirit Squad" who are aware of the "alleged inappropriate touching, sexual exploitation, [and] verbal harassment" that forms the basis of her Complaint.  Without such information, Polisky has no way of identifying potential witnesses with relevant knowledge.  Please amend Plaintiff's response to Interrogatory No. 8 and clarify who specifically Plaintiff spoke to about the underlying facts prior to the initiation of this litigation, including any individual's full name.  Polisky anticipates that this list might include friends, family members, Northwestern University faculty or staff, or other trusted individuals.  If Plaintiff is unable to recall when each "communication took place [and] where," at a minimum, she should provide (a) the name of each person who had knowledge of the "alleged inappropriate touching, sexual exploitation, [and] verbal harassment" prior to the filing of the Complaint, and (b) a description of the information Plaintiff told that individual.

**Verification**:  Plaintiff's Responses to Polisky's First Set of Interrogatories failed to include a verification affirming that all statements made therein are true and correct to the best of Plaintiff's personal knowledge.  Please supplement Plaintiff's Initial Responses with a verification to that effect as soon as possible.

## II. Plaintiff's Responses To Defendant Michael Polisky's First Requests For The Production Of Documents

In response to 50 of Polisky's 57 Requests for Production, Plaintiff stated that she "shall serve responsive, non-privileged documents under separate cover."  To date, Plaintiff has only served a 97-page production—the entirety of which is either duplicative of documents produced by Defendant Northwestern University or is publicly available.  To cure this deficiency, Polisky expects Plaintiff to supplement her February 19, 2024 production with materials that are responsive to each of Polisky's Requests for Production.

Counsel for Defendant Northwestern University shared a proposed ESI Protocol with You on February 27, 2024.  Following entry of a mutually agreeable ESI Protocol, Polisky expects Plaintiff to run each of the agreed-upon search terms through her personal email, social media and blogs (including private messaging features therein), text messages, Messaging Apps, personal computers or tablets, and hard copy files or documents (including journals, calendars, and diaries,

March 7, 2024
Page 4

either handwritten or online) in order to identify documents that are responsive to Polisky's Initial Requests. At a minimum, following the entry of a mutually agreeable ESI Protocol, Polisky expects Plaintiff to supplement her responses to Request for Production Nos. 2, 3, 7, 23, 24, 26–28, 33, 34, 42, 48, and 50.

Please supplement Plaintiff's production as soon as possible and, at the latest, no later than three weeks before any depositions in this matter. If Plaintiff has already completed her investigation with respect to a particular Request for Production, please state that all responsive documents have been produced in the amended responses provided in response to this letter. Alternatively, if Plaintiff has determined that there are no documents responsive to a particular Request for Production, please state as such in Plaintiff's amended responses. To the extent Plaintiff is withholding certain responsive documents, please state the reason for the delay in Plaintiff's production (*e.g.*, pending the entry of an ESI Protocol) and state when Polisky can expect to receive that supplemental production.

**Request for Production Nos. 2, 3, 7, 23, 24, 26–28, 32–34, 42, 48, 50**: Polisky anticipates that deficiencies regarding these Requests for Production will be addressed following entry of a mutually agreeable ESI Protocol. Polisky reserves the right to address any deficiencies following Plaintiff's supplemental production.

**Request for Production Nos. 4, 14, 15**: In Request for Production Nos. 4, 14, and 15, Polisky requested, among other things, documents related to Plaintiff's financial need during her four years of college (at both Northwestern University and University of Nebraska – Lincoln), documents related to Payment's payment of her college tuition and related expenses, and documents related to expenses Plaintiff incurred as a member of the Spirit Squad. No documents responsive to these Requests were included in Plaintiff's February 19, 2024 production. Please let us know when we can expect to receive a supplemental production of documents responsive to Request for Production Nos. 4, 14, and 15. If Plaintiff does not have documents responsive to one or more of these Requests, or if any documents are being withheld, please state that in Plaintiff's amended responses.

**Request for Production No. 5**: Polisky requested that Plaintiff produce "journals, personal calendars, team calendars, and diary entries" that reflect the date and location of the events Plaintiff attended as a representative of the Spirit Squad, and "any inappropriate touching, sexual exploitation, or verbal harassment at those events." Plaintiff responded that she "shall serve responsive, non-privileged documents under separate cover[,]" but no documents responsive to this Request were included in Plaintiff's February 19, 2024 production. Please let us know when we can expect to receive a supplemental production of documents responsive to Request for Production No. 5. If Plaintiff does not have documents responsive to this Request, or if any documents are being withheld, please state that in Plaintiff's amended responses.

JONES DAY

March 7, 2024
Page 5

**Request for Production No. 8**: Plaintiff has repeatedly commented on the facts underlying this litigation and the status of this case in various public forums, and yet her February 19, 2024 production failed to include records of any public statements she has made. In response to this Request for Production, please produce any and all "articles or op eds Plaintiff has written" and records of all "interviews Plaintiff has participated in that relate to the allegations underlying the Complaint, the TVPA, or labor or sex trafficking." Please let us know when we can expect to receive a supplemental production of documents responsive to Request for Production No. 8.

**Request for Production Nos. 13, 30, 31, 36–41, 46, 47, 49**: Plaintiff's initial production did not include any documents that support the allegations referenced in these Requests. Request Nos. 30, 31, and 36–41, in particular, relate to allegations in the Complaint that specifically reference Polisky. Please let us know when we can expect to receive a supplemental production of documents responsive to Request for Production Nos. 13, 30, 31, 36–41, 46, 47, and 49. If Plaintiff does not have documents responsive to these Requests, or if any documents are being withheld, please state that in Plaintiff's amended responses.

**Request for Production Nos. 17, 18**: In Request for Production Nos. 17 and 18, Polisky requested, among other things, documents related to Plaintiff's LSAT exams and Plaintiff's efforts to study for the LSAT. Plaintiff has alleged that Polisky's actions inhibited her ability to prepare for and ultimately score well on the LSAT, and that she incurred costs associated with taking the LSAT on multiple occasions and expenses related to a preparation course. However, she has not produced any documents responsive to these Requests. Please let us know when we can expect to receive a supplemental production of documents responsive to Request for Production Nos. 17 and 18. If Plaintiff does not have documents responsive to these Requests, or if any documents are being withheld, please state that in Plaintiff's amended responses.

**Request for Production No. 22**: Plaintiff's February 19, 2024 production included three Spirit Squad contracts, two of which predate Plaintiff's time at Northwestern University (000001–000010). The only version of the Spirit Squad contract included in Plaintiff's production that was in effect during Plaintiff's time on the Spirit Squad (000093–000097) is not an executed copy. Please include "Plaintiff's signed copies of the Spirit Squad contract for each season in which she was a member of the Spirit Squad" in Plaintiff's supplemental production. At a minimum, if Plaintiff does not have access to executed copies of the Spirit Squad contract, please state that in Plaintiff's amended responses and produce unexecuted copies of the contract for the relevant time period.

**Request for Production Nos. 25, 29**: Please confirm that, apart from the letters included in Plaintiff's initial production (000047–000076), Plaintiff does not have any additional documents in her possession, custody, or control that are responsive to Request for Production Nos. 25 and 29. In addition, please confirm that the letter Plaintiff prepared for the Athletic Department regarding her alleged trafficking was included in her February 19, 2024 production. If Plaintiff

JONES DAY

March 7, 2024
Page 6

has additional Documents and Communications "that reflect reports Plaintiff made concerning her alleged trafficking to Northwestern University employees and affiliates outside of the Athletic Department," please let us know when we can expect to receive a supplemental production of those documents. Alternatively, if any documents responsive to Request Nos. 25 and 29 are being withheld (presumably until an ESI Protocol has been entered), please state that in Plaintiff's amended responses.

**Request for Production No. 35**: Request for Production No. 35 asked for any and all documents related to the preparation of Plaintiff's Honors Thesis, including drafts notes of interviews, and communications with Plaintiff's advisors (among other items). No documents related to Plaintiff's thesis—including the final product itself—were included in Plaintiff's February 19, 2024 production. Please let us know when we can expect to receive a supplemental production of documents responsive to Request for Production No. 35. Polisky expects Plaintiff to conduct a thorough search of any external hard drives and other possible sources of responsive data to identify documents responsive to Request No. 35. If Plaintiff is withholding any documents that are responsive to Request for Production No. 35, please state that in Plaintiff's amended responses.

**Request for Production Nos. 43–45**: Plaintiff's February 19, 2024 production did not include any documents related to her alleged damages. Among other documents, Request Nos. 43–45 seek Plaintiff's medical records (including documents reflecting "the 'twice weekly' therapy sessions Plaintiff claims she attended between October 2018 and September 2020, and the 'four different psychiatric medications' Plaintiff was prescribed to help her with depressive episodes and panic attacks"), other records reflecting Plaintiff's purported injury, and any medical bills reflecting "damage or expense incurred by or on Plaintiff's behalf that she claims were incurred as a result of her alleged trafficking as a member of the Spirit Squad." Please let us know when we can expect to receive a supplemental production of documents responsive to Request for Production Nos. 43–45. If Plaintiff does not have documents responsive to these Requests, or if any documents are being withheld, please state that in Plaintiff's amended responses.

\* \* \* \* \*

We would appreciate it if we could schedule a call to meet and confer regarding the issues with Plaintiff's Initial Responses laid out above. Please let us know if there are particular dates and times the week of March 11, 2024 that would work well with your schedule. We look forward to hearing from you.

Best regards,

*/s/ Bethany K. Biesenthal*
Bethany K. Biesenthal

JONES DAY

March 7, 2024
Page 7

cc:    Jordan M. Matthews (jmathhews@jonesday.com)
       Allison L. McQueen (amcqueen@jonesday.com)
       Andrew T. Miltenberg (amiltenberg@nmllplaw.com)
       Kara L. Gorycki (kgorycki@nmllplaw.com)
       Damon M. Cheronis (damon@cheronislaw.com)