# EXHIBIT F

# JONES DAY

110 NORTH WACKER DRIVE • CHICAGO, ILLINOIS 60606

TELEPHONE: +1.312.782.3939 • JONESDAY.COM

Direct Number: 312.269.4169
jmatthews@jonesday.com

May 3, 2024

**VIA EMAIL**

Gabrielle M. Vinci
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, Fifth Floor
New York, NY 10001
Telephone: (212) 736-4500
Email: gvinci@nmllplaw.com

      Re:    *Richardson v. Northwestern University, et al,* No. 1:21-cv-00522 (N.D. Ill.) – Plaintiff's Responses & Objections to Defendant Michael Polisky's First Set of Interrogatories and First Requests For the Production of Documents

Counsel:

      Thank you for taking the time to participate in a meet and confer with us on April 2, 2024. We are providing this letter on behalf of Defendant Michael Polisky ("Polisky") to outline remaining deficiencies in Plaintiff Hayden Richardson's Responses to Polisky's First Set of Interrogatories and Polisky's First Requests for the Production of Documents ("Plaintiff's Initial Responses"), both dated February 9, 2024.

      As you know, we sent your office a letter outlining deficiencies in Plaintiff's Initial Responses on March 7, 2024. Since that date, we have received (1) Plaintiff's Amended Responses to Polisky's First Set of Interrogatories ("Plaintiff's Amended Interrogatory Responses"), dated April 9, 2024; (2) Plaintiff's first supplemental production (Bates 000098–000376), received on April 12, 2024; and (3) Plaintiff's second supplemental production (Bates 000377–000508), received on April 23, 2024. The goal of this letter is to outline deficiencies that—despite Plaintiff's Amended Interrogatory Responses and supplemental document productions—remain outstanding.

## I.    GENERAL OBJECTIONS

      As stated in our March 7, 2024 letter, Polisky objects to Plaintiff's use of general objections, and the incorporation of those general objections into each of Plaintiff's Initial Responses. During our meet and confer on April 2, 2024, you offered to provide written confirmation that Plaintiff is not withholding any responsive information or documents based on her objections and claims of privilege. Please provide this written confirmation as soon as possible.

JONES DAY

May 3, 2024
Page 2

## II. PLAINTIFF'S RESPONSES TO DEFENDANT MICHAEL POLISKY'S FIRST SET OF INTERROGATORIES

Thank you for providing Plaintiff's Amended Interrogatory Responses on April 9, 2024. Though those Amended Responses cured many of the deficiencies outlined in our March 7, 2024 letter, there are still two issues that remain outstanding. We respectfully request that Plaintiff provide amended responses correcting the following deficiencies:

**Interrogatory Nos. 1–8**: As laid out in our March 7, 2024 deficiency letter, it is insufficient for Plaintiff to respond to an Interrogatory by simply referring Polisky to the Complaint. In response to each of Polisky's Interrogatories, Plaintiff responded—at least in part—that "her 58-page Complaint contains numerous factual allegations supportive of Plaintiff's Claims, and those allegations are incorporated herein." To cure this outstanding deficiency, please specify which facts in Plaintiff's Complaint (or, at the various least, which Paragraphs in the Complaint) are responsive to each of Polisky's Interrogatories.

**Interrogatory No. 8**: We appreciate that, in her Amended Interrogatory Responses, Plaintiff included a list of individuals who are aware of the "alleged inappropriate touching, sexual exploitation, [and] verbal harassment" that forms the basis of her Complaint. However, Plaintiff's Amended Interrogatory Responses failed to provide a description of the "information Plaintiff told individual(s)" about these allegations. Plaintiff's Initial Disclosures (dated October 24, 2023) do not fill this gap. For example, with respect to the former members of the Spirit Squad Plaintiff identified in response to Interrogatory No. 8, the Initial Disclosures broadly state that each potential witnesses is aware of "[t]he terms and conditions of enrollment on Defendant Northwestern's Spirit Squad and their experiences on the Spirit Squad; Defendants' knowledge of reports of discrimination, sexual harassment, and abuse of cheerleaders on Defendant Northwestern's Spirit Squad and Defendants' responses thereto."

The focus of Interrogatory No. 8 is on discussions Plaintiff had with each of the identified individuals about the "inappropriate touching, sexual exploitation, [and] verbal harassment" she allegedly experienced. Without a description of the information Plaintiff provided to each of the identified individuals, Polisky has no way of identifying whether potential witnesses possess knowledge relevant to the claims Plaintiff has asserted against him. Please supplement Plaintiff's response to Interrogatory No. 8 to include this information.

## III. PLAINTIFF'S RESPONSES TO DEFENDANT MICHAEL POLISKY'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS

With the exception of Request for Production Nos. 43–45 (which, based on your cover letter, we understand the supplemental production on April 12, 2024 is responsive to), documents responsive to the Requests for Production we outlined in our March 7, 2024 letter have not been

JONES DAY

May 3, 2024
Page 3

produced.[1]  Specifically, Polisky is waiting to receive documents responsive to Request for Production Nos. 2–5, 7–8, 13–15, 17–18, and 22–50.  A detailed description of the supplemental documents we are seeking in response to each of those Requests for Production can be found in our March 7, 2024 letter.

We appreciate that, on or about March 11, 2024, Plaintiff agreed to Defendants' proposed ESI Protocol.  Now that a protocol is in place, Polisky expects Plaintiff to run each of the agreed-upon search terms through her personal email, social media and blogs (including private messaging features therein), text messages, Messaging Apps, personal computers or tablets, and hard copy files or documents (including journals, calendars, and diaries, either handwritten or online) in order to identify documents that are responsive to Polisky's Initial Requests.[2]

Please let us know by May 6, 2024, when you intend to supplement Plaintiff's production.  If Plaintiff has already completed her investigation with respect to a particular Request for Production (including Request for Production Nos. 43–45), please state that all responsive documents have been produced in the amended responses provided in response to this letter.  Alternatively, if Plaintiff has determined that there are no documents responsive to a particular Request for Production, please state as such in Plaintiff's amended responses.

*   *   *   *   *

We would like to schedule another meet and confer regarding the outstanding issues with Plaintiff's discovery responses and document productions.  Please let us know if there are particular dates and times the week of May 6, 2024, that would work well with your schedule.  We look forward to hearing from you.

Best regards,

*/s/ Jordan M. Matthews*
Jordan M. Matthews

---

[1] Though Plaintiff's second supplemental production on April 23, 2024, included the final version of Plaintiff's Honors Thesis (Bates 000377–000507), this does not cure the deficiencies with Plaintiff's response to Request for Production No. 35.  As laid out in our March 7, 2024 letter, Request for Production No. 35 "asked for any and all documents related to the preparation of Plaintiff's Honors Thesis, including drafts, notes of interviews, and communications with Plaintiff's advisors (among other items)."  Again, "Polisky expects Plaintiff to conduct a thorough search of any external hard drives and other possible sources of responsive data to identify documents responsive to Request No. 35."

[2] As stated in our March 7, 2024 letter, Polisky expects that deficiencies regarding Plaintiff's responses to Request for Production Nos. 2, 3, 7, 23, 24, 26–28, 33, 34, 42, 48, and 50 will be addressed by the ESI Plaintiff produces.  However, Polisky reserves the right to address any deficiencies following Plaintiff's supplemental production.

May 3, 2024
Page 4

cc: Bethany K. Biesenthal (bbiesenthal@jonesday.com)
      Allison L. McQueen (amcqueen@jonesday.com)
      Andrew T. Miltenberg (amiltenberg@nmllplaw.com)
      Kara L. Gorycki (kgorycki@nmllplaw.com)
      Damon M. Cheronis (damon@cheronislaw.com)