IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAYDEN RICHARDSON, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 1:21-cv-00522 |
| NORTHWESTERN UNIVERSITY, AMANDA DASILVA, HEATHER VAN HOEGARDEN OBERING, MICHAEL POLISKY, AND PAMELA BONNEVIER, | § § § § § § | Honorable Edmond E. Chang |
| *Defendants*. | § § | |

**DEFENDANT MICHAEL POLISKY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUBSTITUTE COUNSEL**

Defendant Michael Polisky ("Polisky") submits this Response in Opposition to Plaintiff Hayden Richardson's ("Plaintiff") Motion for Leave to Substitute Counsel (the "Motion").

More than three years ago, Plaintiff filed her Complaint making very serious trafficking allegations against Polisky and the other Defendants. As a result of these accusations, Polisky suffered great (and very public) prejudice. That prejudice continues as this case lingers. He has weathered months of discovery delays, the destruction of evidence, and multiple accounts made to the press. He therefore cannot agree to Plaintiff's motion to substitute.

When Salvi Law contacted Polisky regarding the instant motion, Polisky explained that he had no objection to Nesenoff & Miltenberg's withdrawal, so long as Salvi Law did not alter the current discovery schedule or renege on the discovery agreements that Polisky had made with Nesenoff & Miltenberg, many of which took numerous rounds of negotiations to reach. *See* Ex. A. Salvi Law said it could not agree and thus, as Polisky explained via email to counsel, he is objecting to the substitution. Polisky now asks this Court: (1) to deny Plaintiff's Motion; or (2) in the

1

alternative, enter an order requiring that Plaintiff's substitute counsel comply with the current discovery schedule and discovery-related agreements that Plaintiff finally agreed to. In support of this Response, Polisky states as follows:

1. Plaintiff filed her Complaint on January 29, 2021, setting forth serious allegations that she was a victim of trafficking at the hands of Northwestern University and a handful of its employees, including Polisky.

2. Polisky was, and remains, eager to clear his name. He, along with the other Defendants, moved to dismiss these claims on April 30, 2021. *See* ECF No. 42. Discovery was stayed while that motion was pending. The motion to dismiss was ultimately denied on September 21, 2023. *See* ECF No. 104.[1]

3. Discovery began shortly thereafter. On October 31, 2023, Defendants served written discovery requests seeking, among other things, documents and information related to Plaintiff's senior thesis.

4. As the Court is aware, it took more than eight months for the Parties to make meaningful progress in discovery: meet and confers were scheduled and rescheduled over the course of months, emails went unanswered, and Plaintiff delayed any ESI review until after the Motion to Compel was filed (*see* Polisky's Motion to Compel, ECF Nos. 169, 173, 176). As a result of these delays, and to ensure that the Parties continued to make meaningful progress in discovery, the Court entered an order requiring that Plaintiff respond to communications within one business day, that Plaintiff produce documents every Monday, with productions to be completed no later than September 3, 2024, and setting deadlines to resolve any other outstanding

---

[1] Polisky filed a motion to reconsider on October 18, 2023. *See* ECF No. 112. That motion remains pending.

issues (including late-raised issues over the ESI Protocol and objections to production of audio recordings related to Plaintiff's senior thesis). *See* ECF No. 178.

5. Since the date the Motion to Compel was filed, with the Court's intervention, Polisky and Plaintiff have cooperatively moved this case forward. Plaintiff has begun rolling production of documents responsive to Defendants' October 31, 2023 discovery requests. Polisky and Plaintiff made additional agreements regarding several other discovery topics, including: the logistics that would govern Plaintiff's deposition; review and production of Plaintiff's social media and text messages; Plaintiff's search for audio files related to her thesis; and discovery related to damages, among other things. *See* Ex. A; Ex. B. In addition, although Plaintiff's counsel initially did not request that Polisky search his cell phone for responsive material, when the request was made to Polisky in July 2024, the Parties agreed to a relevant ESI protocol, and Polisky has begun a review for material responsive to Plaintiff's discovery requests. Overall, Polisky and Plaintiff have resolved the vast majority of their discovery disputes, have been working cooperatively, and are on track to finish document productions by September 3, consistent with the Court's order.

6. Notably, however, on July 1, 2024, Plaintiff informed Defendants that her laptop and flash drive containing audio recordings from her senior thesis project were destroyed on June 6, 2023 (more than two years after she filed her lawsuit and nearly a year before she informed Defendants that the documents were destroyed). Plaintiff informed Defendants that after her laptop and drive were purportedly destroyed, she threw them away. These audio recordings recount the interviews that Plaintiff conducted with other members of the Spirit Squad and are the lone pieces of data that Plaintiff collected in connection with her senior thesis. The recordings are critical pieces of evidence in this matter and those produced thus far refute the allegations made in her Complaint and thesis.

3

7. On July 31, 2024, Polisky issued Supplemental Interrogatories and Requests for Production seeking additional information related to the destruction of Plaintiff's laptop and flash drive. Responses to those Discovery Requests are due August 30, 2024. With those Interrogatories, Polisky sent a letter to Nesenoff & Miltenberg asking counsel to explain any efforts counsel took to inform Plaintiff of her obligation to preserve all potentially relevant information. *See* Ex. C. On August 15, 2024, counsel for Polisky followed up regarding his July 31, 2024 letter and asked when counsel would respond. Plaintiff's counsel responded: "Please direct your inquiry to Ms. Richardson's new counsel." *See* Ex. D. But Polisky's letter was not directed to Plaintiff and is not appropriately answered by Plaintiff's proposed new counsel. Instead, it asks Plaintiff's *counsel*, Nesenoff & Miltenberg, to clarify the actions that counsel took to ensure Plaintiff complied with her obligation to maintain all relevant documents and information. With these critical audio recordings now likely destroyed, counsel's response to the letter is imperative to Polisky's determination as to the scope and nature of the sanctions he will seek from this Court.[2]

8. On August 13, 2024, Salvi Law emailed counsel for Defendants asking if there were objections to Plaintiff's Motion to Substitute Counsel. Counsel for Polisky responded the next day and asked Salvi Law to commit to the agreements that Nesenoff & Miltenberg made that had begun to move this case forward. Specifically: (1) that Salvi Law comply with all existing Court deadlines; (2) that the mediation schedule remain as-is, with a pre-mediation meeting scheduled for August 19, mediation statements due September 9, and mediation to occur September 23; (3) that Plaintiff serve responses to Polisky's Supplemental Discovery Requests on August 30; and (4)

---

[2] If the Court grants Plaintiff's Motion to Substitute Counsel, Polisky requests that it order Nesenoff & Miltenberg to respond to Polisky's letter before withdrawing.

4

that Salvi Law honor the discovery-related agreements the Parties had agreed to. *See* Ex. A. Salvi Law refused. *See* Ex. E.

9. Additionally, Salvi Law has now made it clear that it believes mediation will be unproductive. *See* Ex. F.

10. A party's right to change or substitute her attorney of record is "not absolute." *Butterman v. Walston & Co.*, 387 F.2d 822, 824 (7th Cir. 1967). Accordingly, it is within the Court's discretion to deny substitution of counsel. *See Stewart v. General Motors Corp.*, 756 F.2d 1285, 1293 (7th Cir. 1985). In determining whether to grant or deny a motion to withdraw representation, courts often look at "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Installation Software Techs., Inc. v. Wise Sols., Inc.*, 2004 WL 524829, at *8 (N.D. Ill. Mar. 5, 2004). And for a motion to substitute counsel, the "duplication of effort and delay which would be caused by a substitution" are relevant factors for a court to consider. *Stewart*, 756 F.2d at 1294.

11. Plaintiff's motion to substitute counsel should be denied for several reasons. As an initial matter, Plaintiff has provided absolutely no rationale or justification for substituting her counsel at this late stage in the case just as document discovery is ending. Next, Polisky firmly disagrees with Salvi Law's position that this substitution "will not result in prejudice to any party." ECF No. 181 ¶ 5. This case has now been pending for almost four years, and Polisky has had these allegations tied to his name for just as long. He lost a job and continues to suffer loss in his current job as a result. Indeed, Plaintiff has repeatedly made statements about Polisky in the press. But she has been less zealous when it comes to actually prosecuting her case. Months after being served with discovery requests, Plaintiff has just now started producing responsive ESI—documents that

5

have shown that many of the allegations made in her Complaint are simply untrue. In the short week since Plaintiff has filed her Motion, it has become clear that this case, and Polisky's ability to clear his name, will stall: Salvi Law is unwilling to commit to the discovery-related agreements; it has indicated that mediation will not be fruitful, as the firm has not yet "take[n] possession of the file"; and Plaintiff's current counsel has refused to answer questions directed to them. In addition, though written discovery is winding down and depositions are approaching, the path forward is far from clear if Plaintiff's Motion is granted. New counsel might not only fail to meet current discovery deadlines, but may walk back existing discovery-related agreements, causing further delay. Additionally, Plaintiff's ESI is currently in the hands of a vendor that has worked with Plaintiff's current counsel; neither current counsel nor Salvi Law has represented whether Plaintiff will meet the Court's September 3 production deadline. The case would, in some ways, be again at its infancy stages if the Court grants this motion.

      For these reasons, Polisky asks that the Court deny Plaintiff's Motion, or alternatively, to ensure that this case continues to move forward, Polisky asks that the Court enter an order requiring Plaintiff's substitute counsel to comply with the current discovery schedule and the discovery-related agreements made by Plaintiff's current counsel.

6

Dated: August 19, 2024                                        Respectfully submitted,

                                                              */s/ Bethany K. Biesenthal*
                                                              Bethany K. Biesenthal
                                                              Jordan M. Matthews
                                                              Allison McQueen
                                                              JONES DAY
                                                              110 North Wacker Drive, Suite 4800
                                                              Chicago, IL 60606
                                                              Telephone: +1.312.782.3939
                                                              Facsimile: +1.312.782.8585
                                                              bbiesenthal@jonesday.com
                                                              jmatthews@jonesday.com
                                                              amcqueen@jonesday.com

                                                              *Attorneys for Defendant Michael Polisky*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Bethany K. Biesenthal*
Bethany K. Biesenthal

*Attorney for Defendant Michael Polisky*